IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTOPHER M.,[1]

      Plaintiff,

vs.

ANDREW M. SAUL, Commissioner of
Social Security,

      Defendant.

Case No. 3:19-cv-00536-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Christopher M. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, the Commissioner's decision is REVERSED, and the case is REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. When applicable, this opinion uses the same designation for the non-governmental party's immediate family member.

## BACKGROUND

On August 25, 2015, plaintiff applied for Disability Insurance Benefits. Tr. 25.[2] He alleged disability beginning May 15, 2013, due to degenerative disc disease and scoliosis of the lumbar spine, degenerative joint disease of the right shoulder, and chronic pain. Tr. 27. Plaintiff's application was denied initially and upon reconsideration on February 17, 2018. Tr. 25. On March 20, 2018, plaintiff appeared at a hearing before an administrative law judge ("ALJ"). *Id.* The ALJ then issued a decision finding plaintiff not disabled. Tr. 40. After the Appeals Council denied review, plaintiff filed a complaint in this Court. Tr. 1.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if it is based on proper standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the district court must review the administrative record, weighing both the evidence supporting and detracting from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

---

[2] Tr." refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

## THE ALJ'S FINDINGS

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof falls to the claimant at steps one through four and with the Commissioner at step five. *Id.*; *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante*, 262 F.3d at 953–54.

Here, the ALJ found that plaintiff was not disabled. The ALJ first determined that plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. Tr. 27. At step one, the ALJ found that plaintiff had not performed substantial gainful activity since May 15, 2013, his alleged onset date. Tr. 27. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease and scoliosis of the lumbar spine, degenerative joint disease of the right shoulder, and chronic pain. *Id.* At step three, the ALJ found that plaintiff's impairments or combination of impairments did not meet or medically equal the

severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 30.

Before proceeding to step four, the ALJ determined that plaintiff's RFC allowed him to perform light work as defined in 20 C.F.R. § 404.1567(b) with these limitations: "[Plaintiff] cannot climb ladders, ropes or scaffolds. [Plaintiff] can frequently stoop, crouch, kneel and climb ramps and stairs. [Plaintiff] can occasionally crawl and occasionally reach overhead with the right upper extremity. Concentration lapses would restrict [Plaintiff] to semi-skilled work." *Id.*

At step four, the ALJ found that plaintiff could not perform any of his past relevant work. Tr. 38. At step five, the ALJ found that based on plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could sustain substantial gainful employment despite his impairments. Tr. 39. Specifically, the ALJ found that plaintiff could perform the representative occupations of a sales attendant and packager. *Id.* As a result, the ALJ concluded that plaintiff was not disabled under the Act. Tr. 40.

## DISCUSSION

On appeal, plaintiff argues that the ALJ erred in their treatment of plaintiff's Department of Veterans Affairs (VA) disability rating. Pl.'s Br. 4 (doc. 17). The ALJ's decision notes that the VA assessed that plaintiff "has a combined service connected rating of 90%," including "30% for a major depressive disorder with parasomnia." Tr. 34. The ALJ gave the VA's rating "substantial weight." Tr. 35. The ALJ reasoned that the rating "is not inconsistent with [the ALJ's] assessment of limitations and

noted [RFC][,]" but explained that "[s]uch limitations in the federal Social Security Administration disability context, however, do not result in a finding the claimant is totally unable to work." *Id.*

Plaintiff points out that while the VA had assessed a 30% disability rating for plaintiff's "parasomnia, not otherwise specified" in 2012, as of December 2, 2015, the VA updated plaintiff's disability rating for mental impairments to 70% for his "major depressive disorder with parasomnia." Tr. 320-21. Plaintiff contends that the ALJ, therefore, made either a factual error by not addressing the VA's most recent disability rating or a legal error by crediting the VA's earlier rating over the most recent one without providing valid reasons to do so. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) ("In an SSD case an ALJ must ordinarily give great weight to a VA determination of disability . . . . [H]owever, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.").

The Commissioner concedes that the ALJ erred when stating that the Department of Veterans Affairs had given plaintiff a disability rating of "30% for a major depressive disorder with parasomnia," but asserts that the error was harmless. Tr. 34, *citing* Tr. 319-28. According to the Commissioner, the error is a mere scrivener's error, and that the ALJ provided valid reasons for discounting the VA's disability rating. Resp. Br. 2 (doc. 20). The Commissioner asserts that the Court can infer that the ALJ was aware of plaintiff's updated VA disability rating because "the ALJ provided a thorough summary and noted the overall rating." Resp. Br. 7 (doc.

20). And the Commissioner asserts that the ALJ validly discounted the overall disability rating of 90% because it conflicted with the RFC assessment.

As an initial matter, the ALJ did not discount the VA's overall disability rating for being inconsistent with the RFC.  Instead, the ALJ purported to give the rating "substantial weight" and noted that it was "*not* inconsistent" with the ALJ's assessment of the limitation in the RFC.  Tr. 34.

Moreover, the Court cannot infer that the ALJ was aware of plaintiff's updated mental health evaluation simply because the ALJ accurately recounted the VA's other rating and overall rating. At step 2, the ALJ discussed the VA's 2013 Compensation and Pension Examination and all other mental health evaluations, including evaluations from 1998, 2006, other dates in 2013, 2016, and 2017. Tr. 28. But the ALJ's decision never discusses or even cites the VA's updated 2015 evaluation. Thus, the decision does not clearly show that the ALJ was aware of that evaluation, on which plaintiff's 70% rating was based. And the Court cannot conclude that the ALJ would have reached the same decision had the ALJ considered that evaluation and 70% rating. Accordingly, this error was not harmless.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006) (an error cannot be considered harmless unless a reviewing court "can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination").

## II.    *Type of Remand*

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d

1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed, and the evidence is insufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Under the Ninth Circuit's "credit-as-true" doctrine, I must undertake a three-step inquiry to make that determination. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

Under the three-step "credit-as-true" doctrine, the reviewing court must first determine whether the ALJ committed a harmful legal error. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), *as amended* (February 5. 2016). Second, if the court finds such an error, it must "review the record as a whole and determine whether it is fully developed, free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (quotation marks omitted). Third, if the court does determine that the record has been fully developed, and there are no outstanding issues left to be resolved, the court must consider whether "the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true." *Id.* (quotation marks omitted).

Here, the first step is satisfied because the ALJ relied on the VA's rating of plaintiff's mental impairments in 2013 without mentioning or providing specific, legitimate reasons to reject the 2015 rating.  As discussed above, that error was not harmless. At the second step, however, the record is not fully developed or free from conflicts and ambiguities. For example, while the ALJ did not mention the updated

decision from the VA, there are later evaluations of plaintiff's mental health, which could show improvement when compared to that VA disability finding. Tr. 28, 1065-66, 1132-34; *see Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.") Accordingly, remand for further proceedings is the appropriate remedy.

## CONCLUSION

The Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

IT IS SO ORDERED.

Dated this  4th  day of August 2021.


_____ /s/Ann Aiken _____

Ann Aiken
United States District Judge